

225 BROADWAY
SUITE 715
NEW YORK, NY 10007
T: 212 323 6922
F: 212 323 6923

March 18, 2020

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/20/2020**

**VIA ECF and VIA E-MAIL**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  United States of America v. Anthony Young
     19 Cr. 256 (SHS)



Dear Judge Stein:

    I was appointed counsel for Mr. Young pursuant to the Criminal Justice Act (CJA). I am writing to respectfully request an adjournment of sentencing in this matter until at least the middle of May 2020. Due to the coronavirus pandemic, the Bureau of Prisons has suspended legal visitation nationwide until at least April 13, 2020. Mr. Young's sentencing was scheduled for April 6, 2020. Prior to the BOP's suspension of visitation on March 13, 2020, the MCC was closed for visitation from February until March 12, 2020 due to an internal investigation. As a result of the repeated closures at MCC, I have not been able to visit with Mr. Young since early February and I have not been able to discuss the final PSR or the mitigation report in any meaningful way with Mr. Young.[1] The additional time is needed, in part, to prepare Mr. Young for sentencing. Mr. Young is currently serving a state prison sentence and the earliest date that he could be released is in 2028.

    More importantly, there are arguments that may be presented at sentencing and it is solely Mr. Young's decision whether those arguments are made as the arguments may contain concessions of guilt. Counsel cannot unilaterally make the decision to concede guilt in any form. *See McCoy v. Louisiana*, ___ U.S. ___, 138 S.Ct. 1500, 1509 (2018). In *McCoy*, the Supreme Court held that the client has the "autonomy to decide the objective of his defense" and that a concession of guilt was explicitly reserved for the client under the Sixth Amendment. *McCoy* at 1508. An adjournment was granted to allow the defense

---

[1] Mr. Young was in the Segregated Housing Unit (SHU) and I was only able to send him letters, but he was not able to communicate with me while MCC was closed in February 2020. On March 16, 2020, Mr. Young's privilege to use the BOP e-mail system was restored. Upon information and belief, Mr. Young was not the target of the internal investigation that closed MCC.

to obtain a mitigation expert and a further adjournment was granted to allow the mitigation expert to complete his report.

In *McCoy*, the Supreme Court held that the client must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" in order to make his decision. *McCoy* at 1509 quoting *Godinez v. Moran*, 509 U.S. 389, 396 (1993). In the case at bar, there is no meaningful way to provide that counsel to Mr. Young while visitation has been suspended at MCC-New York. Based upon the foregoing, the defense would respectfully request that the Court grant this request to adjourn sentencing in this matter until a date in the middle of May 2020. The Government takes no position as to this request for an adjournment of sentencing.

Respectfully submitted,

/s/

Calvin H. Scholar

cc: United States Attorney for the
Southern District of New York

*The sentencing is adjourned to May 26 at 02:30 pm. Defense submissions are due by May 12, Government submissions are due by May 19.*

SO ORDERED 3/20/20

SIDNEY H. STEIN
U.S.D.J.

2